UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMEL HUGGER                          ]
    Plaintiff,                     ]
                                      ]
v.                                    ]    No. 1:06-0025
                                      ]    Judge Haynes/Brown
CHERRY LINDAMOOD, ET AL.              ]
    Defendants.                    ]

To: Honorable William J. Haynes, Jr., United States District Judge

## REPORT AND RECOMMENDATION

On April 6, 2006, the Court entered an order (Docket Entry No. 3) referring this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is a Motion to Dismiss (Docket Entry No. 16) filed by the defendants. The plaintiff has offered no pleading in opposition to the Motion to Dismiss.

The undersigned has carefully reviewed the pleadings and the record in this case and finds that the defendants' Motion to Dismiss has merit. Accordingly, the Magistrate Judge respectfully recommends that, for the reasons stated below, the defendants' motion should be granted and that this action should be dismissed without prejudice.

1

# I. BACKGROUND

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center (SCCC) in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Cherry Lindamood, Warden of the prison, and three members of the SCCC staff (Bruce Winborn, John Maples and Gregory Bryant), seeking injunctive relief and damages.[1]

On January 27, 2006, the plaintiff became involved in a physical altercation with another inmate. Captain Winborn, Officer Bryant and two other guards were dispatched to the plaintiff's housing unit to restore order. These officers took control of the situation and placed the plaintiff in handcuffs. Shortly thereafter, Officer Bryant and the two unnamed guards escorted the plaintiff out of the housing unit. As they approached the prison medical clinic, the plaintiff was "tripped and slammed head first into the concrete". Docket Entry No. 1 at pg. 3. The assault caused injuries to the plaintiff's eye, face and head. He was taken into the clinic for treatment of his wounds.

According to the complaint (Docket Entry No. 1) and its attachments, Officer Bryant caused the plaintiff's injuries. The plaintiff believes that he was the victim of a deliberate and unprovoked attack in violation of his constitutional rights.

# II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of

---

[1] In the complaint, the Corrections Corporation of America and someone by the name of Gregory Office are referred to by the plaintiff as defendants. The complaint, however, contains no claims directed against them. Nor were they served with process. Therefore, this corporation and individual are not deemed to be parties to this action.

facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

### III. Exhaustion of Administrative Remedies

In their Motion to Dismiss, the defendants contend that this action is not yet ripe for adjudication because the plaintiff has failed to fully exhaust available administrative remedies prior to the filing of his complaint.

The Prison Litigation Reform Act prohibits prisoners from challenging conditions of their confinement in federal court until they have exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Though this exhaustion requirement is not jurisdictional in nature, it is nevertheless a mandatory prerequisite for the filing of this type of action. Consequently, before a district court can adjudicate any conditions of confinement claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).[2]

The prisoner plaintiff bears the burden of establishing the complete exhaustion of

---

[2] An excessive use of force claim is a challenge to the conditions of a prisoner's confinement and, as such, is subject to the exhaustion requirements of the Prison Litigation Reform Act. *See* Freeman v. Francis, 196 F.3d 641, 642-644 (6th Cir. 1999).

3

administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998). To make the requisite showing, he must allege that all available administrative remedies have been exhausted for each claim in his complaint and should attach documentation to the complaint indicating the administrative disposition of any grievances that may have been filed. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). To constitute an adequate attempt at exhaustion, a grievance must give prison officials an informed opportunity to respond to the grievance with knowledge of the particular factual allegations against each of the known defendants. <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-735 (6th Cir. 2003).

Attached to the complaint are a grievance dated February 2, 2006 and a letter to the plaintiff from the Grievance Chairperson, explaining that the grievance was being returned to him because it was both untimely and did not "list a requested solution".

The grievance states in full as follows :

> Approx. 8:50 a.m. 1/27/06 I was being escort [*sic*] to H.S.A. for a infraction, handcuffed my hands behind my back by Officer Bryant and two other officers. Upon reaching Medical, Officer Bryant tripped me w/his foot and brought me down head first on the concrete sidewalk. When I fall on the ground he said I was resisting. The entire incedent [*sic*] is on tape and witness by many people.

The grievance submitted by the plaintiff mentions only one of the defendants by name, i.e., Officer Bryant. Nowhere in the grievance are there claims of misconduct alleged against the remaining defendants. Thus, prior to the filing of this action, the plaintiff had failed to seek an administrative remedy for every claim he has against each named defendant. <u>Burton v. Jones</u>, 321 F.3d 569, 575 (6th Cir. 2003)(a grievance must set forth in what way each and every

4

defendant acted improperly).

In addition, the plaintiff has acknowledged that he did not pursue an administrative appeal after the grievance was returned to him, *see* Docket Entry No. 15, even though the return letter explained that the plaintiff had a right to appeal the Grievance Board's decision to return the grievance to him.[3] An inmate cannot simply fail to file a grievance or abandon the grievance process before completion and claim that he has exhausted his administrative remedies. Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Therefore, it appears that the plaintiff has not fully complied with the exhaustion requirement prior to filing this action. As a consequence, the defendants' motion has merit and the Court is obliged to dismiss this action without prejudice. Woodford v. Ngo, 2006 WL 1698937 (S.Ct.)(decided 6/22/06);*see also* White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997)(a prisoner's complaint can not proceed where he has abandoned his administrative appeals of an adverse grievance decision).

## RECOMMENDATION

For the reasons discussed above, the undersigned finds merit in the defendants' Motion to Dismiss. It is respectfully RECOMMENDED, therefore, that the Court GRANT the defendants' motion (Docket Entry No. 16) and DISMISS this action without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

---

[3] At the bottom of the return letter, the following language can be found : "If the grievant disagrees with the response of the chairperson and wishes to appeal, he/she may do so by checking 'yes' and signing and dating the grievance in the space provided. Matters deemed to be inappropriate to the grievance process, an abuse of procedure, or non-grievable at Level I may be appealed by the inmate."

portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/s/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge